JOHN BRENNAN

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

*Filed at Springfield May 19, 1884.*

CRIMINAL LAW—*burglary of car—sufficiency of indictment after verdict and sentence.*   A count in an indictment for burglary, after the appropriate introductory matter, charged that the defendants "willfully, maliciously, feloniously and burglariously, without force, did then and there enter into a freight railroad car,   *   *   *   then and there being open, with intent, then and there, therein feloniously and burglariously to steal, take and carry away," etc.   No objection was taken to the same before trial, or by motion in arrest of judgment.   On error it was objected that the count was bad for not stating that the windows and doors of the car were open:   *Held,* that as the objection was to the form rather than the substance of the indictment, even if well taken at an earlier stage of the proceeding it could not avail on error, and that it would be presumed the evidence showed that the doors and windows of the car were open at the time of the unlawful entry.

WRIT OF ERROR to the Circuit Court of Christian county; the Hon. WILLIAM R. WELCH, Judge, presiding.

This was an indictment found by the grand jury of Christian county, at the November term, 1881, of the circuit court, against Charles Green, John Brennan and Charles Doyle. The second count of the indictment charged that the defendants, on the ninth day of September, A. D. 1881, "at the county aforesaid, willfully, maliciously, feloniously and burglariously, without force, did then and there enter into a freight railroad car of one John King, Jr., there situate, the said freight railroad car then and there being open, with intent, then and there, therein feloniously and burglariously to steal, take and carry away divers goods and chattels of said John King, Jr., and with intent to feloniously steal, take and carry away the goods and chattels of Lewis Selby and Thomas Menta, then and there being in said freight railroad car, contrary," etc. The jury, on a trial, found the defendants guilty as charged in the second count of the indictment, and fixed their punishment at three years in the penitentiary. To reverse the judgment on this verdict, John Brennan prosecutes this writ of error.

Messrs. CRAIG & CRAIG, for the plaintiff in error:

The second count of the indictment, under which the conviction was had, is bad, in not charging that the doors and windows of the car were open. For all that appears, the doors and windows may have been closed, and the whole side knocked out, or it might have been an open flat car. There could be no burglary in that case.

The same objection that can be made to an indictment, or might be made on motion in arrest of judgment, can be urged on error. *Sweeney* v. *People,* 28 Ill. 209.

Mr. JAMES McCARTNEY, Attorney General, for the People, urged that the objection being to the form of the indictment, should have been made before trial and conviction, or by motion in arrest, if the defect was not such as to be cured

by the verdict,—citing Bishop on Crim. Pr. secs. 1284, 1285;
Rev. Stat. chap. 110, sec. 63; *Keedy* v. *People*, 84 Ill. 569.

The offence is so well described in the count, as to present
a bar to a second indictment. *Morton* v. *People*, 47 Ill. 468.

Mr. Justice Dickey delivered the opinion of the Court:

Plaintiff in error was jointly indicted and tried with two
others, in the circuit court of Christian county, upon a charge
of burglary. The indictment contains two counts. The de-
fendants were each convicted upon the second count, and
sentenced to the penitentiary. It is sought to reverse this
conviction upon the sole ground that the second count of the
indictment is bad.

The statute is: "Whoever　*　*　*　willfully and mali-
ciously, without force, (the doors and windows being open,)
enters into any　*　*　*　freight or passenger railroad car
*　*　*　with intent to commit　*　*　*　larceny,　*　*　*
shall be deemed guilty of burglary." The count in question,
with appropriate introductory matter, charges that plaintiff
in error and his co-defendants, "willfully, maliciously,　*　*　*
without force, did　*　*　*　enter into a freight railroad car,
*　*　*　then and there being open, with intent," etc. The
only objection made to the sufficiency of the count is, that it
fails to say that *the doors and windows* were open,—it simply
says the *car* was open. This is rather form than substance.
We will not say, that had this objection been taken before
trial, the circuit court might not have properly sustained it,—
of this we express no opinion. But it is not made until after
trial, conviction and sentence. The attention of the circuit
court does not appear to have been called to this alleged
defect, in any part of the proceedings. There was no demur-
rer to the count, no motion to quash before trial, and no
motion in arrest after conviction. It must be presumed, in
this condition of the record, that the proof on the trial did
show that the doors and windows of the car were open at the

time of the unlawful entry, otherwise the court would not have entered judgment of sentence upon the verdict. It appears from the whole record that this defendant had satisfactory notice of the matter for which he was to be tried. He could not have been taken by surprise by proof that the doors of the car were open. The offence was sufficiently identified, so that he can never hereafter be called to answer for that felonious entry into that car, upon an indictment saying the doors and windows were open.

We feel it our duty to affirm the judgment in this case.

*Judgment affirmed.*