THE STATE OF KANSAS v. FRANKLIN E. KNOWLES, *et al.*

1. DEFECTIVE AVERMENT, *Cured by Verdict.* Where an averment which is necessary to support a particular part of a complaint or information filed in a criminal case is imperfectly stated, or is stated in very general terms, a verdict or plea of guilty cures the defective averment, although such averment may be bad on demurrer or motion to quash.

2. DEFECTIVE COMPLAINT, *Cured by Plea of Guilty.* A complaint filed under ₰317, chapter 31, Comp. Laws of 1879, which, omitting court, title, and verification, reads as follows: "J. P. Mayfield, being duly sworn, on oath says: That on the 26th day of July, 1883, in the county of Sumner and state of Kansas, Franklin E. Knowles and Thomas J. Garland were then and there the owners and occupiers of out-lot 'B,' in C. R.

Godfrey's addition to the city of Wellington, in Sumner county, in the state of Kansas, (except that portion of said out-lot 'B' sold by C. R. Godfrey and wife to the Kansas City, Lawrence & Southern Railroad, and described as follows, to wit: Commencing at the southwest corner of said out-lot 'B;' running thence east 200 feet; thence north 150 feet; thence west 200 feet; thence south 150 feet, to place of beginning,) and were then and there the owners and occupiers of a slaughter-house on the above-described premises, occupied by them as aforesaid; that hogs, beeves and other animals were then and there, and for a long time prior to said 26th day of July, 1883, had been, slaughtered on said premises and in said slaughter-house, by the said Franklin E. Knowles and Thomas J. Garland; and that the said Franklin E. Knowles and Thomas J. Garland, while so owning and occupying said slaughter-house and said premises, on said 26th day of July, 1883, did then and there unlawfully permit the same to remain unclean, to the annoyance of J. P. Mayfield, J. A. Shafer, W. F. Travis, F. E. Phelps, A. J. Jones, G. F. Hargus, and H. A. Williams, citizens of said county of Sumner and state of Kansas:" *Held,* Sufficient, after an entry of a plea of guilty thereto.

## *Appeals from Sumner District Court.*

On July 27, 1883, J. P. Mayfield filed his complaint in writing, under oath, before a justice of the peace of Sumner county, charging that on July 26, 1883, Franklin E. Knowles and Thomas J. Garland were the owners and occupiers of a slaughter-house on lot "B," in C. R. Godfrey's addition to the city of Wellington, in Sumner county, in this state, where hogs, beeves and other animals were slaughtered for a long time prior to July 26, 1883; and that they permitted the same to remain unclean, to the annoyance of various parties. The first trial was had before the justice, beginning August 6, 1883. The jury were unable to agree. The second trial began August 9, 1883. On August 10, 1883, the jury returned a verdict of guilty, and the court sentenced the defendants to pay a fine of $50 and all costs of prosecution, and to be committed to the jail of Sumner county until the fine and costs were paid. The defendants thereupon appealed to the district court.

On September 7, 1883, with leave of the court, an amended complaint was filed in the words and figures following, to wit:

"STATE OF KANSAS, SUMNER COUNTY, ss.: J. P. Mayfield, being duly sworn, on oath says: That on the 26th day of

July, 1883, in the county of Sumner and state of Kansas, Franklin E. Knowles and Thomas J. Garland were then and there the owners and occupiers of out-lot 'B,' in C. R. Godfrey's addition to the city of Wellington, in Sumner county, in the state of Kansas, (except that portion of said out-lot 'B' sold by C. R. Godfrey and wife to the Kansas City, Lawrence & Southern Railroad, and described as follows, to wit: Commencing at the southwest corner of said out-lot 'B;' running thence east 200 feet; thence north 150 feet; thence west 200 feet; thence south 150 feet to place of beginning,) and were then and there the owners and occupiers of a slaughter-house on the above-described premises, occupied by them as aforesaid; that hogs, beeves and other animals were then and there, and for a long time prior to said 26th day of July, 1883, had been, slaughtered on said premises and in said slaughter-house, by the said Franklin E. Knowles and Thomas J. Garland; and that the said Franklin E. Knowles and Thomas J. Garland, while so owning and occupying said slaughter-house and said premises, on said 26th day of July, 1883, did then and there unlawfully permit the same to remain unclean, to the annoyance of J. P. Mayfield, J. A. Schafer, W. F. Travis, F. E. Phelps, A. J. Jones, G. F. Hargus, and H. A. Williams, citizens of the said county of Sumner and state of Kansas.    J. P. MAYFIELD.

"Subscribed and sworn to before me this 7th day of September, 1883.

[Seal.]    P. V. C. POOL, *Clerk Dist. Court.*"

Trial had at the September Term of court for 1883. The defendants waived arraignment, and pleaded not guilty. Both parties thereupon announced themselves ready for trial, and a jury was duly impaneled. The jury, being unable to agree, was discharged by the court with the consent of the parties, and the case was continued until the next term of court. The case was again called for trial at the December Term of court for 1883. The defendants appeared in person, as also by their attorneys, and withdrew their plea of not guilty, and entered a plea of guilty to the charge contained in the amended complaint. Thereupon the defendants filed a motion in arrest of judgment, upon the ground that the facts stated in the amended complaint did not constitute a public offense. The court sus-

tained the motion, *The State* excepting. The defendants were then discharged. *The State* appeals.

On July 16, 1883, J. A. Shafer filed his complaint in writing before a justice of the peace of Sumner county, in the following words and figures, to wit:

"STATE OF KANSAS, SUMNER COUNTY, ss.: John A. Shafer, being duly sworn, on oath says: That on the 16th day, of July, 188*, in the county of Sumner and state of Kansas, F. E. Knowles and Thomas J. Garland did then and there unlawfully own and occupy a slaughter-house and permit the same to remain unclean, to the annoyance of the said John A. Shafer, and George White, C. F. Vaughn, Walter Morehart, Jack Trotter, Philip Bechler, James Beard, Jack Boyd, W. F. Travis, and F. E. Phelps—all of said parties being then and there citizens of the said county of Sumner and state of Kansas.                              JOHN A. SHAFER.

"Subscribed and sworn to before me, this 16th day of July, 1883.          D. N. CALDWELL, *Justice of the Peace.*"

Trial had July 7, 1883, before the justice, without a jury. The defendants were found guilty and sentenced to pay $50, together with all costs, taxed at $28.95, and to be committed to the jail of Sumner county until the fine and costs were paid. Thereupon the defendants appealed to the district court of Sumner county. Trial had at the September Term of court for 1883. The defendants appeared in person, as also by their attorneys, and entered a plea of guilty to the charge contained in the complaint; and thereupon the defendants filed a motion in arrest of judgment, upon the ground that the facts stated in the complaint did not constitute a public offense. On December 28, 1883, the court sustained the motion, *The State* excepting. Thereupon the defendants were discharged. *The State* appeals.

*J. T. Herrick*, for The State.

*Charles Willsie*, for appellees.

The opinion of the court was delivered by

HORTON, C. J.: These two prosecutions were brought under § 317, ch. 31, Comp. Laws of 1879, which reads as follows:

"If any owner or owners, occupier or occupiers of any slaughter-house, or of any premises where hogs, beeves or other animals are slaughtered, shall permit the same to remain unclean, to the annoyance of the people of this state, or any of them, every person so offending shall be fined for every such offense any sum not less than five nor more than fifty dollars; and if said nuisance be not removed within five days thereafter, it shall be deemed a second offense against the provisions of this act; and every like neglect of each succeeding five days thereafter shall be considered an additional offense against the provisions of this act."

To the complaints, the defendants entered a plea of guilty, and then filed their motions in arrest of judgment, upon the ground that the facts stated in the complaints do not constitute a public offense. It is the contention on the part of counsel for the appellees — defendants below — that the statute does not prescribe or imply the form of the complaints or informations, and therefore that, as the complaints or informations are in the language of the statutes only, they are fatally defective. Counsel cites the precedent stated by Kelly in his "Criminal Law and Practice," 501, which is as follows, omitting caption:

"Being then and there the owner and occupier of a certain slaughter-house there situate, wherein divers hogs, beeves and other animals were and are slaughtered, did then and there unlawfully permit said slaughter-house to remain unclean between the first day of April and the first day of October, to wit, from the first day of June until the first day of September, in the year aforesaid, so that the atmosphere for the distance of one mile around said slaughter-house was thereby rendered noxious, disagreeable and unhealthy, to the great annoyance of the citizens of this state; against," &c.

He also refers to the following precedents: Warren's Cr. Law, 394; Bicknell's Cr. Law, 399; 2 Archbold's Cr. Pr. & Pl., pp. 1751, 1754. Counsel however omits one important matter in his argument. No motions were made in these cases under consideration in the district court to quash or amend the complaints. So far as criminal pleading is concerned, few errors remain which motions in arrest of judgment can reach.

Technical errors in a pleading cannot be considered upon a motion in arrest of judgment, after a verdict or plea of guilty. Therefore, many errors as to the form of the complaint or information, which might have been taken advantage of at a previous suggestion, are not sufficient cause, after a verdict or plea of guilty, to arrest judgment. Section 277 of the criminal code expressly provides:

"A motion in arrest of judgment is an application, on the part of the defendant, that no judgment be rendered on a verdict of guilty, or finding of the court, and may be granted by the court for either of the following causes: *First*, That the grand jury, who found the indictment, had no legal authority to inquire into the offense charged, by reason of it not being within the jurisdiction of the court. *Second*, That the facts stated do not constitute a public offense."

Where an averment, which is necessary to support a particular part of a complaint or information filed in a criminal case, is imperfectly stated, or is stated in very general terms, a verdict or plea of guilty cures the defective averment, although such averment might have been bad on demurrer or motion to quash. (Wharton's Cr. Pl. & Pr., 8th ed., §§ 760–762.)

1. Defective averment, cured by verdict.

In the cases at bar, the pleader ought to have followed the precedents referred to by counsel, but we think upon a motion in arrest of judgment the complaints or informations are sufficient. We think the offenses charged therein are stated with such a degree of certainty that the district court may pronounce judgment upon the pleas of guilty, according to the right of the case. (Cr. Code, § 109.) The statute sets out in some particulars the facts and acts in which the offenses charged consist, but "the annoyance" is charged in general terms instead of being set forth in detail, or by specific allegations of facts. In this regard, the averments as to "the annoyance" are imperfectly stated, but the defects of the complaint have been cured by the pleas of guilty. When the defendants pleaded guilty, they admitted that on July 26, 1883, they were the owners

2. Defective complaint, cured by plea of guilty.

and occupiers of the slaughter-house described in the complaints; that hogs, beeves and other animals had been slaughtered prior to said date by them, in their slaughter-house; and that upon said date they unlawfully permitted their slaughter-house, and the premises upon which it was situate, to remain unclean. They further admitted that such uncleanliness was to the annoyance of several citizens of Sumner county, in this state. We think that the pleas of guilty went so far as to admit that the citizens named in the complaints were persons of ordinary feelings or perceptions, and that the uncleanliness alleged was not merely annoying or offensive to them, but that it was reasonably so; therefore that the annoyance was improper, wrongful, and unlawful, and such an annoyance as the law would take cognizance of.

The judgments of the district court will be reversed, and the cases remanded with directions to overrule the motions in arrest, and to enter judgments upon the pleas of guilty.

All the Justices concurring.