## THE STATE OF KANSAS v. GRANT SULLIVAN.

1. CONTINUANCE, *Denied — Immaterial Error.*   Where a motion is made for a continuance in a criminal case on account of the absence of one of the defendant's counsel, and it appears that he is represented by two attorneys at the time, it is not material error for the court to overrule the motion.

2. EMBEZZLEMENT *of Deed — Information — Arrest of Judgment.*   An information, under § 84 of the crimes act, which charges that one G.S. then and there unlawfully, feloniously, and with the intent to defraud, did embezzle and convert to his own use a certain warranty deed, the property of M.J.C., which said deed was in writing, being the act of M.J.C. as grantor and made to G.S. as grantee, and duly acknowledged, purporting to convey and did convey the southeast

quarter of section 29, township 23 south, of range 25 west, in the county of Hodgeman, is sufficient to support a sentence against a motion in arrest of judgment.

*Appeal from Hodgeman District Court.*

THE case is stated in the opinion.

*S. W. Vandivert,* and *G. P. Kline,* for appellant.

*L. B. Kellogg,* attorney general, for The State.

Opinion by GREEN, C.: Grant Sullivan was convicted at the June term, 1889, of the district court of Hodgeman county, under § 84 of the crimes act, of embezzling a deed from Malcolm J. Cox, and was sentenced to the penitentiary for the period of two years. He appeals to this court, and challenges the validity of the judgment of the court below upon a number of errors assigned in the brief of counsel for appellant; but the record, as brought here, presents but two questions which we can consider.

There was no motion made to quash the information filed against the defendant, and no exceptions taken to the instructions to the jury: hence we can consider but two questions in the record.

*First:* The assignment of error made by the appellant upon the court's refusal to grant a continuance. The record discloses the fact that upon this case being called for trial, an application was made by the defendant for a continuance, on the ground that the counsel who appeared for him at the preliminary examination was unable to be present at the trial; and that he had not had an opportunity to communicate to other counsel the facts material to his defense. The application was not made for a continuance of the case for the term, but simply to enable the defendant to properly prepare for his defense. There was no showing made as to when the counsel, who had appeared for him at the preliminary examination, would be able to be present in court; neither was there any showing that his presence was absolutely necessary.

The affidavit filed by the defendant stated that his counsel was confined to his bed with a broken leg.  From the very nature of the injury the defendant must have known that he could not appear, and such being the fact, it was his duty to get other counsel.  The record shows that the defendant was represented by able counsel, and that the nature of the case was such that it would not require a great deal of time to communicate to them the nature of his defense.  The matter of granting a continuance rests largely within the discretion of the trial court, and the record fails to disclose any abuse of that discretion.  There was no error in refusing the aplication for a continuance.

*Second:* The second ground of error is properly raised upon the motion made by the appellant in arrest of judgment.  And in deciding this question we will dispose of the objection which was made by counsel to the introduction of any evidence, on the ground that the information did not state facts sufficient to constitute an offense.  The language of the information is as follows:

"I, the undersigned, prosecuting attorney of said county, in the name, by the authority and on behalf of the state of Kansas, give information that on the 30th day of July, 1888, in said county of Hodgeman and state of Kansas, one Grant Sullivan then and there unlawfully, feloniously, and with intent to defraud, did embezzle and convert to his own use a certain warranty deed, the property of Malcolm J. Cox, which said deed was in writing, being the act of Malcolm J. Cox as grantor, and made to Grant Sullivan as grantee, and duly acknowledged, purporting to convey and did convey the southeast quarter of section 29, township 23 south, of range 25 west, in the county of Hodgeman and state of Kansas; contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state of Kansas."

The section of the crimes act upon which the information was based reads:

"If any person steal or embezzle any will of real or personal property, or any deed or other instrument of writing, being or purporting to be the act of another, by which any right or interest in real or personal property shall be or purport to

be assured, transferred, or conveyed, or in any way changed or affected, shall be adjudged guilty of grand larceny, without reference to the value of the instrument so stolen or embezzled, and shall be punished by confinement and hard labor not exceeding five years, or in the county jail not less than six months." (Gen. Stat. of 1889, ¶ 2216.)

Does this information state a public offense, under the provisions of the statute just quoted? Taking into consideration the fact that no motion had been previously made to quash the information, is the information good upon a motion in arrest of judgment? It clearly and aptly states the offense in the language of the statute. The deed was the property of Malcolm J. Cox until it was delivered to the grantee; and while the information shows that the deed was made to the defendant, the allegations of the information were that it was the property of the grantor, and we think that the deed was his property until it was delivered to the grantee; and are clearly of the opinion that the information states a public offense under the statute quoted. In any event, we do not think the objection good upon a motion in arrest of judgment, because all technical irregularities should be disregarded. The principle is well established, that defects in an information which might be held bad on a motion to quash, if one was made in time, are not always sufficient after a verdict of guilty. (*The State v. Knowles,* 34 Kas. 393; *City of Kingman v. Berry,* 40 id. 625; *The State v. Rook,* 42 id. 419.)

Further complaint is made of certain instructions given by the court, but no exceptions were made, and we cannot consider them here. The record discloses no errors upon the part of the trial court for which a reversal should be had.

We would therefore recommend that the judgment of the court below be affirmed.

By the Court: It is so ordered.

All the Justices concurring.