FARR v. STATE.

Opinion delivered May 8, 1911.

1. CRIMINAL LAW—INDICTMENT—SUFFICIENCY ON APPEAL.—An indictment which is good in substance and upon which judgment could have been rendered against the defendant is sufficient on appeal. (Page 134.)

2. INSTRUCTIONS—REPETITION.—The repetition of instructions to the same effect is unnecessary. (Page 135.)

3. VENUE—PROOF BY CIRCUMSTANTIAL EVIDENCE.—Where all the testimony in a criminal case showed that the transactions involved took place in the county of the venue, the jury may infer that the crime was committed there. (Page 136.)

Appeal from Lafayette Circuit Court; D. L. King, Special Judge; affirmed.

*Allen H. Hamiter,* for appellant.

*Hal L. Norwood,* Attorney General, and *William H. Rector,* Assistant, for appellee.

HART, J. The defendant, J. R. Farr, seeks by this appeal to reverse a judgment of conviction against himself for the crime of forgery.

1. He insists that the judgment should be reversed because the indictment is defective.

The defendant did not demur to it, or file a motion in arrest of judgment. Without passing upon the sufficiency of the indictment, it is only necessary to state that it is good in substance, and that judgment could have been rendered thereon against the defendant. *Younger* v. *State,* 37 Ark. 116 and cases cited.

2. The defendant next complains that the court withdrew instruction No. 3 given at his request, and gave in its place an additional instruction at the instance of the prosecuting attorney. It is not necessary to set out these instructions, for the objection of the defendant is disposed of by an examination of the record, which shows affirmatively that the court did not withdraw from

the jury defendant's instruction No. 3, and did not give the additional instruction asked by the prosecuting attorney.

3. Defendant contends that the court erred in refusing instruction No. 4 asked by him; but the record also shows that the court did give an instruction identical with it. In other words, the record shows that the court did give instruction No. 4 as asked by the defendant, and then shows that an instruction in the same language was refused. The presumption, then, is that the instruction now complained of was refused because the same theory had already been presented to the jury in the instruction given. Hence it is not necessary to consider whether the instruction was correct, and it need not be set out herein.

4. It is also contended by defendant that the evidence does not support the verdict. The instrument in writing, which defendant is charged to have forged is as follows:

"Address, Stamps, Ark., No. 4161; Date, 6-2-09.
Received from J. R. Farr, ninety 60/100 dollars.

| | |
|---|---|
| Amount $90.60 | The Beck & Corbett Iron Co. |
| Disc. $ | St. Louis, Mo. |
| Total $90.60 | Per T. C. Cole, Salesman." |

We authorize our salesmen to collect when issuing this numbered receipt.

The receipt was introduced in evidence by the State.

T. C. Cole, a witness for the State, testified substantially as follows: That he lived at Russellville, Ark., and was traveling salesman for the Beck & Corbett Iron Company, dealers in heavy hardware in St. Louis, Mo. That on March 2, 1909, he sold to the defendant, who resided at Stamps, Lafayette County, Arkansas, a buggy for $90.60; that the sale was on a credit, and that defendant never paid him any amount on the purchase price of the buggy; that he also sold defendant a set of springs for $3.28, and that defendant paid him for them; that he gave defendant a receipt and kept a duplicate carbon copy; that the receipt was dated 4-2-09, and was for $3.28; that afterwards, defendant was sued for $90.60, the purchase price of the buggy, and as a defense to the suit introduced in evidence the receipt which is copied above. The witness testified that he never gave defendant the receipt, and the only receipt he ever gave him was for the $3.28 as above stated. That it was identical in form with the

one in question except as to date and amount; that the original receipt has been altered by inserting 6-2-09 for 4-2-09 and by changing both figures and letters of $3.28 to $90.60; that the first he knew of the receipt having been changed was after the trial in the civil case at Stamps; that he asked Farr what he meant by it, and defendant answered that he wanted to get further time, and promised to pay the $90.60, for which the suit was brought.

W. R. Salmons testified that he was mayor of Stamps, and that the suit for $90.60, the purchase price of a buggy, was brought before him by the Beck & Corbett Iron Company against the defendant, J. R. Farr; that at the trial of the case Farr introduced as a defense to the action a receipt in all respects similar to the one here introduced in evidence, and said that it was a genuine receipt.

J. F. Barker testified that the defendant showed him the receipt introduced in evidence before the trial of the civil case, and that the receipt at that time looked like it had been changed.

The defendant for himself testified that he had not altered or changed the receipt. He said that he had paid Cole the $90.60, which he owed for the buggy, and that upon the payment thereof Cole had given him the receipt which he is charged with forging.

Other evidence adduced by him strongly corroborated his testimony. It is not necessary to set it out; for the jurors were the judges of the credibility of the witnesses and of the weight of the evidence.

The jury by its verdict has said that it believed the testimony introduced by the State, and the evidence is sufficient to support the verdict.

Counsel for defendant contends that it does not prove the venue. It must be remembered, however, that venue may be proved by circumstantial as well as by direct evidence. *Holloway* v. *State,* 90 Ark. 123; *Douglass* v. *State,* 91 Ark. 492.

The defendant lived in Lafayette County, and all the evidence on both sides showed that all the transactions involved, and about which testimony was given, occurred in Lafayette County. Hence, we hold that the jury might have inferred from all the

facts and circumstances that the forgery was committed in Lafayette County.

The judgment will be affirmed.