### McIntire v. State.

Opinion delivered January 23, 1922.

1. Intoxicating liquors—possessing and setting up still—evidence.—Under an indictment for possessing and for setting up a still, evidence *held* sufficient to sustain a conviction for either offense.

2. Indictment and information—sufficiency.—In the case of a general verdict of guilty under an indictment containing several counts, one good count is sufficient to warrant an affirmance.

3. Criminal law—defective indictment—question not raised below.—Objection to an indictment for having possession of a still that it does not allege a failure to register the still with a proper United States officer, as required by Acts 1921, p. 373, § 2, may be raised on appeal for the first time.

4. Criminal laws—former jeopardy.—Where an indictment alleged two counts, first for having possession of a still, and second for setting up a still, and the jury found defendant guilty under the first count, the verdict was an acquittal under the second count; but where the first count was insufficient to allege an offense, he may be tried for the offense attempted to be charged in such count upon a properly drawn indictment.

Appeal from Lincoln Circuit Court; *W. B. Sorrels,* Judge; reversed.

*R. W. Wilson,* for appellant.

The verdict is contrary to law. § 2 of the act makes it a crime to have in one's possession a still "without registering same with the proper United States officer," which fact should have been negatived in the indictment. 18 Ark. 109; 33 Ark. 557; 77 Ark. 139. The burden was on the State to prove that the still had not been properly registered. 83 Ark. 27; 84 Ark. 332.

The record does not show that the indictment was returned by the grand jury, either by name or number. Art. 11, sec. 8, Const.; sec. 3011, C. & M. Digest; 37 Ark. 242; 33 Ark. 815.

The indictment contains two charges in a single count, and, there being no election by the State, the verdict of the jury operated as an acquittal of the second offense charged.

Instructions Nos. 1, 2, 3, 4 and 5 were erroneous because they made no mention of the phrase in the act with regard to registering the still. No. 12 requested by defendant on the question of reasonable doubt should have been given. 71 Ark. 465; 139 Ark. 385.

It was error to admit the testimony of witnesses Smith and Fish relative to finding mash, as there was nothing to connect defendant with such mash. 54 Ark. 489; 54 Ark. 626; 36 Am. St. Rep. 887; 72 Ark. 598.

It was error for the court to call the jury from their room and instruct them on the necessity for rendering a verdict. 58 Ark. 282; 177 Ark. 602; 111 Ark. 273.

*J. S. Utley*, Attorney General, *Elbert Godwin* and *W. T. Hammock*, Assistants, for appellee.

There is no bill of exceptions in this case that can be considered by the court, same never having been filed by the clerk. 34 Ark. 627; 133 Ark. 617; 216 S. W. 294; 103 Ark. 46; 118 Ark. 6.

The defectiveness of an indictment can not be raised for the first time on appeal. 99 Ark. 134; 105 Ark. 82; 215 S. W. 130. The alleged error was not set out in the motion for new trial. 117 Ark. 198; 106 Ark. 138.

The indictment shows on its face that it was regularly returned. However, this objection can not be made for the first time on appeal. 93 Ark. 290.

The objection that the indictment contains two charges cannot be sustained, because raised here for the first time.

Appellant's objection to instructions 1, 2, 3, 4 and 5 were general, and the alleged defect was not called specifically to the attention of the court. 101 Ark. 95. He requested no correct instruction and is now in no attitude to complain. 89 Ark. 300; 110 Ark. 567; 129 Ark. 324.

Appellant's requested instruction, refused, was covered by others given. 13 Ark. 705; 15 Ark. 624; 34 Ark. 650; 101 Ark. 120.

The evidence of witnesses complained of by appellant was competent, as it covered another crime so linked with the one of which appellant was accused as to be inseparable. 8 R. C. L. sec. 195, p. 199; 37 Ark. 261; 84 Ark. 14; 130 Ark. 358.

Appellant failed to object to the court's instruction about reaching a verdict. 135 Ark. 499.

Smith, J. Appellant was convicted under an indictment the charging part of which is as follows:

"The said E. R. McIntire in the county and State aforesaid, on the 20th day of July, A. D. 1921, did then and there wilfully, unlawfully and feloniously have and keep in his possession a still-worm, a still and distillery for the purpose of using the same for the production of distilled spirits, and feloniously set said still up for the use and purpose of the production of distilled spirits."

The jury returned the following verdict: "We, the jury, find the defendant guilty of having a still in his possession as charged in the indictment, and fix his punishment at confinement in the penitentiary for three years."

There was neither a demurrer to this indictment nor motion filed in arrest of judgment; and it is insisted by the State that it is now too late for appellant to question the sufficiency of the indictment.

A number of errors are assigned as having occurred at the trial; but the objection is made that these alleged errors are not presented for decision for the reason that there is no bill of exceptions in the case. Our view of the case renders it unnecessary for us to pass on these questions.

The indictment in this case is based upon section 2 of act 324 of the Acts of 1921 (General Acts of Arkansas 1921, p. 372) entitled, "An Act to make it an offense to set up or operate a distillery in the State of Arkansas, to provide a penalty therefor, and for other purposes." Section 2 of this act reads as follows:

"Section 2. No person shall keep in his possession any still-worm or still, without registering the same with the proper United States officer, and no person shall set up, to be used as a distillery, any still-worm or substitute therefor, and a still or substitute therefor, such as a kettle, washpot, metal tank, or any other vessel of any kind for the purpose of using same, or which, after being so set up, may be used for the production of distilled spirits."

It is obvious that section 2 of the act creates two offenses. The first is that of keeping in one's possession a still-worm or still without registering it with the proper officer of the United States; and the second offense is that of setting up to be used as a distillery any still-worm or substitute therefor. It is also obvious that the first offense there created is not merely the keeping of a still-worm or still in one's possession, but to do so without registering the same with the proper United States officer. Such is the express language of the statute, and, as the Legislature had the right to circumscribe the offense in any way it saw proper to do, we need not stop to inquire what the legislative purpose was in making it an offense to keep in one's possession any still-worm or still in the event only that he had not registered the still-worm or still with the proper United States officer. Having made the failure to register with the United States officer an essential element of the offense, the Legislature, in the same act, provided a means by which this essential element of the crime might be proved. This was done in section 5 of the act, which is as follows:

"Section 5. The certificate of the proper collector of internal revenue with respect to any particular still or distillery found in this State shall be accepted in any court of the State as evidence of the status of such still or distilling apparatus."

The testimony in the case is legally sufficient to sustain a conviction for either of the offenses created

by section 2, as it is shown that appellant and his associates carried the still to a place in the woods, where they were seen busily engaged in setting it up; but the verdict shows that he was convicted for the commission of the crime of having a still-worm or still in his possession.

The indictment was not drawn in counts, nor is the conviction, as reflected by the jury's verdict, a general one. It is the law that where the conviction is a general one upon an indictment containing several counts, one good count is sufficient to warrant an affirmance of the conviction. *Powers* v. *United States*, 223 U. S. 303. So here, if the verdict was a general one we might affirm the conviction upon the theory that the indictment sufficiently charged the offense of setting up a still for the use and purpose of the production of distilled spirits, for the indictment does charge that offense.

We have here an indictment which attempts to charge both offenses, but is insufficient to charge the first offense, for the reason that it does not allege a failure to register the still with the proper United States officer. Yet the court, notwithstanding the failure of the indictment to properly charge both offenses, submitted the question of appellant's guilt upon each of these charges. This was done in an instruction numbered 3, which reads as follows:

"3. To warrant conviction it is not necessary for the State to show that the defendant actually manufactured intoxicating liquor, but it shall be sufficient if you believe from all the evidence beyond a reasonable doubt that the defendant had a still or any vessel of any kind for the production of distilled spirits in his possession or set up such still or have in his possession a still-worm to be used in the production of distilled spirits."

Here the jury was told that a conviction might be had if the "defendant had a still or any vessel of any kind for the production of distilled spirits in his pos-

session," or set up said still or still-worm to be used in the production of distilled spirits.

Responsive to this instruction the jury found the defendant guilty. "of having a still in his possession," but, as we have shown, the indictment does not sufficiently charge that offense.

It is insisted, however, that, inasmuch as appellant did not demur to the indictment nor file a motion in arrest of judgment, he cannot raise here for the first time the question of the sufficiency of the indictment. In support of this position the case of *Farr* v. *State,* 99 Ark. 134, among others, is cited. In the case of *Farr* v. *State, supra,* we said: "The defendant did not demur to it (the indictment), or file a motion in arrest of judgment. Without passing upon the sufficiency of the indictment, it is only necessary to state that it is good in substance, and that judgment could have been rendered thereon against the defendant. *Younger* v. *State,* 37 Ark. 116, and cases cited."

The case of *Younger* v. *State* followed the case of *State* v. *Keith,* 37 Ark. 96, in which case the appellee was charged in the indictment against him with having sold intoxicating liquors without the owner or owners thereof having previously procured a license authorizing such sale. The court said of this indictment that all of its allegations might be true and yet the defendant be guilty of no offense, as it was not alleged that he had sold liquor without license, for if he had license it would have been unimportant whether the owner of the liquor had license or not, for under the law as it then was any licensed dealer could sell his own liquor or the liquor of another without offense.

This question was very thoroughly considered in the case of *Beard* v. *State,* 79 Ark. 293, where we said: "It is next contended that the indictment does not charge an offense, and that the conviction thereon can not be sustained because it fails to allege that the act of carnal

knowledge was committed by the accused against the will of the female. If the sufficiency of the indictment had been questioned by demurrer, we are not prepared to say that the demurrer should not have been sustained. We do not decide that question. The indictment was not questioned, either by demurrer or by motion in arrest of judgment, and we are confronted only with the proposition whether or not the alleged defect can be taken advantage of for the first time after the trial and verdict and in this court on appeal or writ of error. Where an indictment omits an allegation of some essential element of the crime—in other words, if it fails to charge a public offense, it is void, and can be questioned for the first time on appeal, without a demurrer or motion in arrest of judgment having been interposed. 12 Cyc. of Law and Proc. pp. 811, 812, and cases cited. But when the defect is one of form or of imperfect expression merely, it can not be taken advantage of on appeal or writ of error for the first time. In other words, if the indictment imperfectly charges a public offense, the defect must be taken advantage of by demurrer or motion to quash; but if it omits entirely an allegation of some essential element of the crime charged, so that it can be said that no offense is charged, then it can be taken advantage of at any time. 1 Bishop, Crim. Proc., § 707a; Clark, Crim. Proc., § 118; *Heymann* v. *Reg.*, 8 L. R. Q. B. 102; *Bradlaugh* v. *Reg.*, 3 Q. B. Div. 607; *Brennan* v. *People,* 110 Ill. 535; *People* v. *Swenson,* 49 Cal. 388; *State* v. *Knowles,* 34 Kan. 393; *People* v. *Schultz,* 85 Mich. 114.''

In the Beard case, *supra,* the court reached the conclusion that, under the test there laid down, the offense (that of rape) for which Beard had been convicted was sufficiently charged in the indictment, and his conviction was sustained.

But the indictment here is not sufficient to meet that test, at least the part of it upon which the conviction was had does not meet that test, for the reason, as

stated by Chief Justice ENGLISH in the case of *State* v. *Keith, supra,* the allegations of the indictment might be proved and yet appellant be guilty of no offense; and such is the case, if appellant merely kept a still in his possession without registering it with the proper officer of the United States.

The verdict of the jury in this case must no doubt be treated as a verdict of not guilty upon what is, in effect, the second count of the indictment; but the acquittal does not affect the right to try appellant under an indictment properly charging him with keeping in his possession a still-worm or still without registering the same with the proper United States officer.

The judgment will therefore be reversed, and the cause remanded for further proceedings if the State so elects.