## TUMBLESON v. STATE.

### Opinion delivered June 4, 1923.

INTOXICATING LIQUORS—INDICTMENT FOR SETTING UP SUBSTITUTE FOR STILL.—An indictment under Acts 1921, No. 324, § 2, which alleges that defendant "did unlawfully and feloniously possess and have in his possession a certain still, worm and boiler for the purpose and intention of using the same for the production of distilled spirits," etc., is demurrable for failure to allege that defendant set up either a still or such a substitute as could be used in the production of distilled spirits.

Appeal from Franklin Circuit Court, Ozark District; *James Cochran*, Judge; reversed.

*I. S. Simmons*, for appellant.

Motion to require the State to elect should have been sustained. Three offenses are attempted to be charged in the indictment. The court erred in overruling the demurrer. The material elements of neither offense are alleged. *Hodgkiss* v. *State*, 156 Ark. 340. Error was committed in refusing to give instructions 1, 2, 3, 4, 5 and 6, requested by appellant. Especially should number 1, directing a verdict, have been given. The court erred in dictating instructions numbered 1, 2, 3, 4 and 5, which were taken in shorthand, which is not a compliance with the law requiring written instructions. Sec. 1292, Crawford & Moses' Digest; § 23, art. 7, Constitution 1874. The court erred in giving in charge § 1 of Act 324 in connection with the reading of the indictment.

*J. S. Utley*, Attorney General, *John L. Carter* and *Wm. T. Hammock*, Assistants, for appellee.

The Attorney General confesses error; the indictment is fatally defective, and the demurrer should have been sustained. 151 Ark. 458. The judgment should be reversed, and cause remanded.

McCULLOCH, C. J. Appellant was convicted on the following indictment (omitting caption):

"The said Ed Tumbleson, on the 3rd day of July, 1922, in the county and district aforesaid, did unlawfully and feloniously possess and have in his possession a certain still, worm and boiler for the purpose and intention of using the same for the production of distilled spirits and for the distillation and manufacture of alcoholic and intoxicating liquors, against the peace and dignity of the State of Arkansas."

The indictment was framed under the second section of act No. 324 of the General Assembly of 1921 (Acts 1921, p. 372). There was a demurrer to the indictment, which the court overruled, and on the trial of the case the State introduced testimony tending to show that

there were found on appellant's farm, near his house, a copper stillworm, a five-gallon metal oil can, and a ·lot of mash. These articles were not connected together so as to constitute a still; but were found in close proximity, and there were indications that a still had been operated there.

The evidence was sufficient to sustain a finding that appellant had set up and operated an .improvised distillery for the purpose of manufacturing distilled spirits. *McGarity* v. *State,* 151 Ark. 423.

The most serious question in the case . is whether the. language of the indictment is sufficient to charge an offense under the statute, and the Attorney General confesses error on this point.

It is clear that the indictment is not sufficient, under the first part of the section mentioned above, for the reason that there is no allegation that the still or stillworm was not registered. In order to. constitute an offense under that part of the section there must be such an allegation. *McIntyre* v. *State,* 151 Ark. 458.

The language of the indictment is somewhat confused ·by the use of the comma between the words "still" and "worm," but it is evident that the pleader did not intend to use .the word "still" separately from the word "worm" so as to charge the possession of a complete still. It is clear that the meaning was to charge the possession of a stillworm and boiler.

The further question arises, then, whether or not the language of the indictment is sufficient to charge the offense of setting up a still, or a substitute for a still, within the meaning of the latter part of section 2 of the statute. In the recent case of *Hodgkiss* v. *State,* 156 Ark. 340, we undertook to make an analysis of this part of the. statute, and in doing so we said:

"The latter part of section 2 relates to the setting up of the apparatus for use as a distillery, and the thing or things set up must be susceptible of that use. A stillworm cannot alone be used as a distillery, neither

can a 'kettle, washpot, metal tank, or any other vessel' alone be so used. The language relates to a complete distillery, technically speaking, or to any substitute therefor, 'which, after being set up, may be used for the production of distilled spirits.' It will be observed that the words, 'any stillworm or substitute therefor,' are conjunctively joined with the words 'a still or substitute therefor,' which bears out the interpretation that, in order to constitute an offense under this part of the statute, the apparatus set up must be complete so that it may be used for the production of distilled spirits. This part of section 2 of the statute, and section 3 thereof, overlaps to some extent in effect, but an indictment may be framed in the language of either. The indictment in this case was intended to state an offense under the latter part of section 2, but it merely charges the setting up of 'a certain trough as substitute for a still, for the purpose,' etc. It does not charge the setting up of a worm in connection with the still, nor that the trough was a thing 'which, after being set up, may be used for the production of distilled spirits.' A trough may be fit for use as a part of the apparatus for the distillation of spirits, but it cannot alone be used for that purpose."

It is not charged, in so many words, in the indictment that the accused set up a still, but the charge is that he did "possess and have in his possession a certain still, worm and boiler for the purpose and intention of using the same for the production of distilled spirits." Nor is it charged in the indictment that the stillworm and boiler were contrivances "which, after being set up, may be used for the production of distilled spirits." Under this part of the statute the indictment must either charge the setting up of a still, or it must charge the setting up of substituted contrivances or articles "which, after being set up, may be used for the production of distilled spirits." Of course, where the charge in the indictment is that a still is set up for the purpose of

producing distilled spirits, it is unnecessary to allege that it is such a contrivance as may be used for that purpose, for the definition of the word "still" sufficiently indicates its use; but where there is an attempt to charge the setting up of a substitute, then there must be a charge that such substitute is susceptible of use as a still, or, in the language of the statute, "after being set up, may be used for the production of distilled spirits."

This indictment neither charges that a still was set up nor such a substitute as could be used in the production of distilled spirits. For that reason the indictment is insufficient, and the court should have sustained appellant's demurrer.

Reversed and remanded, with directions to sustain the demurrer, and for such further proceedings as the court may deem advisable.