## WILLIAMS *v*. STATE.

Opinion delivered December 17, 1923.

1. INTOXICATING LIQUORS—INDICTMENT FOR MAKING MASH.—An indictment which charges that defendant unlawfully and feloniously made mash fit for distillation is defective in failing to state that the mash was fit for distillation of beer, wine, distilled spirits or other intoxicating spirits.

2. INDICTMENT AND INFORMATION—STATUTORY OFFENSE.—It is generally sufficient to charge a statutory offense in the language of the statute.

Appeal from Columbia Circuit Court; *L. S. Britt*, Judge; reversed.

*Henry Stevens*, for appellant.

*J. S. Utley*, Attorney General, *John L. Carter*, *Wm. T. Hammock* and *Darden Moose*, Assistants, for appellee.

McCULLOCH, C. J.　The indictment under which appellant was tried and convicted reads as follows (omitting the caption and formal part):

"The said defendant, on the 13th day of February, 1922, in Columbia County, Arkansas, did unlawfully and feloniously make mash fit for distillation, said defendant not being such a person as is authorized under the laws of the United States to manufacture sweet cider, vinegar or other non-alcoholic beverages, or spirits other than beverage purposes."

The indictment was an attempt to charge an offense under the first section of act No. 324 of the General Assembly of the year 1921 (General Acts 1921, p. 372), which reads as follows:

"No mash, wort or wash fit for distillation or for the manufacture of beer, wine, distilled spirits or other alcoholic liquor shall be made or fermented by any person other than a person duly authorized under the laws of the United States to manufacture sweet cider, vinegar, non-alcoholic beverages, or spirits for other than beverage purposes."

There was a demurrer to the indictment, which the court overruled, and this ruling is the basis of the first and principal assignment of error.

We are of the opinion that the indictment fails to charge a public offense, in that it does not contain an allegation that the mash was "for distillation or for the manufacture of beer, wine, distilled spirits, or other alcoholic liquor." It is not unlawful, under the statute, to prepare mash for distillation, except for "beer, wine, distilled spirits, or other alcoholic liquor," and the use of the word "distillation" does not imply that it was for the purpose of producing any of the liquors named in the statute. There may be a distillation of non-alcoholic liquors, even the distillation of pure water. The word "distillation" merely described the process of evaporation and condensation, or liquefaction of any substance which may be subjected to that process. *Hotchkiss* v. *State,* 156 Ark. 340. The lexicographers define the evaporation of water, its condensation into clouds and its precipitation as rain, dew, or frost, as a natural process of distillation. Surely the mere charge of distillation, without further explanatory words, is not sufficient to imply the preparation for the production of alcoholic liquor.

We decided in *Logan* v. *State,* 150. Ark. 486, that, under the statute, the intent to use mash, wort, or wash for the purpose of distillation or manufacture of the liquors mentioned was an essential element of the offense, but we did not decide that it was necessary to charge the intent other than in the language of the statute. We do not deem it necessary to decide, in the present case, whether it is necessary to specifically charge the intent in the indictment. It is generally sufficient to charge a statutory offense in the language of the statute itself, but we do hold that the mere use of the word "distillation" is not sufficient to charge an offense without alleging that the mash is fit for the distillation of the

kind of liquors mentioned in the statute.   Other assignments need not be discussed.

The demurrer to the indictment should have been sustained, and the judgment is therefore reversed, and the cause is remanded for further proceedings in accordance with this opinion.