### THOMAS *v.* STATE.

Opinion delivered March 10, 1930.

*Walter J. Hebert,* for appellant.

*Hal L. Norwood,* Attorney General, and *Robert F. Smith,* Assistant, for appellee.

PER CURIAM. Richard Thomas prosecutes this appeal to reverse a judgment of conviction against him for the crime of pandering, in violation of the provisions of § 2705 of Crawford & Moses' Digest. The State has confessed error on the ground that the trial court erred in refusing to sustain the motion of appellant in arrest of judgment.

The section of the digest under which the indictment was found provides, in substance, that any person who shall knowingly receive any money without consideration from the proceeds of the earnings of any woman engaged in prostitution shall be deemed guilty of a felony. The indictment left out the words "without consideration." It will be observed that the exception in the statute, "without consideration," is so incorporated in the enacting clause that one cannot be read without the other, and the exception becomes one of the essential ingredients of the offense. In other words, the exception is contained in the clause of the statute creating the offense, and it is so interwoven with the definition of the crime as to constitute a material part thereof. If the State were not required to negative the exception in the statute, it would not be required to prove that the person appropriating the money from the proceeds of the earnings of any woman engaged in prostitution must do so without consideration. This would make an offense not created by the statute.

The rule is well settled in this State that when an exception contained in a statute defines an offense and constitutes a part thereof, an indictment for such crime must negative the exception; but when the statute contains a proviso exempting a class therein referred to from the operation of the statute, the indictment need not negative the proviso; for the reason that the accused in such a case must make the exemption a ground of defense. *McIntire* v. *State,* 151 Ark. 458, 230 S. W. 619; *Hodgkiss* v. *State,* 156 Ark. 340, 246 S. W. 506; and *Tumbelson* v. *State,* 159 Ark. 266, 251 S. W. 868.

The indictment in this case does not allege that the appellant received or appropriated money from the earn-

318

ings of the woman engaged in prostitution without consideration. As we have already seen, the offense lies in receiving such money without consideration. It follows that the judgment must be reversed; and, inasmuch as the appellant has not been put in jeopardy, the cause will be remanded for further proceedings according to law.