WATSON *v.* CAMPBELL.

Opinion delivered May 7, 1892.

*Tax sale—Return of assessment.*

> A sale of land for the taxes of 1883 is void where the assessment
> list for that year was filed on June 20, 1883, instead of on June
> 19, as required by statute.

Appeal from Woodruff Circuit Court in Chancery.
MATTHEW T. SANDERS, Judge.

*J. N. Cypert* for appellant.

The assessor filed his assessment list on the 20th of
June, 1883, when it should have been filed by the first
Monday in June.   Mans. Dig. sec. 5676.

*House & Cantrell* for appellee.

The assessment list was not returned until June 20,
1883.   The law required it to be returned on or before
the first Monday in June.   This was a mere duty imposed
on the assessor by law, the non-observance of which did
not deprive the owner of any right, and he cannot com-
plain.   46 Ark. 96.   Such irregularities are cured by
statute.   Mansf. Dig. sec. 5791.

HUGHES, J.   This is a suit brought by the appellee
to recover possession of land upon a deed made to the
appellee by the Commissioner of State Lands, dated Jan-
uary 24, 1888.   The cause was transferred to equity.
The appellant answered and attacked the deed of the
appellee, which was founded upon the forfeiture of the
land to the State for the non-payment of taxes due thereon
for the taxes of 1884.

By act of March 5, 1885, the payment of taxes for
the year 1884 had been extended.   The forfeiture was
made therefore upon the assessment for 1883, which was
returned to the clerk's office and filed on the 20th of

June, 1883, whereas it should have been returned to and filed in the clerk's office by the first Monday in June, as the law then required.

The failure to return the assessment to the clerk's office was prejudicial to the owner of the land. The board of equalization of real property was then required by law to meet on the first Monday in June, and it might continue in session two weeks, but could not continue longer than two weeks in session. Any party aggrieved by any action of the board of equalization might appeal therefrom to the county court. The session of the board of equalization had ended, by limitation of law, in 1883, before the assessment was returned. The tax-payer's right of appeal from any action of the board was therefore cut off by the failure to return the assessment list in time. Sections 5687, 5688, Mansfield's Digest; Cooley on Taxation, 366. "The tax-payer ought always to be at liberty to insist that directions which the law has given to its officers for his benefit shall be observed." In such cases the law is mandatory, as it is generally expressed.

For the failure to return the assessment list of 1883 within the time required by law, the forfeiture was void, and the deed thereon is void. The finding and judgment of the circuit court should have been for the defendant (appellant here). The judgment is reversed, and the cause remanded for judgment in accordance with this opinion, after allowing the appellee for taxes paid by him.

ON REHEARING.

Opinion delivered May 21, 1892.

HUGHES, J. It is insisted that there is error in the opinion heretofore delivered in this cause, based on a mistake of fact, in this, that the court stated in the opinion that the assessment list, on which the forfeiture for

taxes was declared, should have been returned to the clerk's office on or before the first Monday in June, 1883, and was not returned till the 20th of June. That the time for filing the assessment list for 1883, which was fixed by section sixty-five of the revenue act of 1883 (p. 237, Acts of 1883), was on or before the first Monday in June, but by section 226, p. 293, Acts of 1883, the time had been extended fifteen days for filing the assessment list for that year. This is true, and it escaped the attention of the writer, as the counsel for appellee stated in their brief that the assessment list should have been filed by the first Monday, but was not filed till the 20th of June. The extension applied only to the year 1883, and was not therefore carried into the Digest.

But the question still is, was this assessment filed in time to be within the requirement of the statute, which is mandatory and was intended to protect the rights of the tax-payer? The first Monday of June in 1883 was the fourth day of the month. The extension of fifteen days which applied also to the time for the meeting of the board of equalization, made the day for the return of the assessment and the meeting of the board of equalization in the year 1883 the 19th day of June. The assessment list was not returned to the clerk's office till the 20th of that month. As stated in the opinion, the board of equalization could, under the statute, have continued in session two weeks, but not longer, and was not required to continue so long in session. Under the statute the tax-payer had the right of appeal from any action of the board of equalization. There is no evidence in the record that the board was in session after the 19th of June. Besides, the time within which the tax-payer might make his application to the board to have his assessment corrected, or adjusted, and appeal from its action, if he saw fit, could not be shortened by the failure of the assessor to return his assessment within the time required by

law. If it could be shortened one day, why not until he would be deprived of all but one day, within which to assert his rights? The principle applied to the facts stated in the opinion applies to the state of facts we are considering here.

The motion for reconsideration is therefore denied.