## STARR v. STATE.

### Opinion delivered October 13, 1924.

1. POISONS—POSSESSION OF NARCOTICS—INDICTMENT.—An indictment charging that the accused on a certain day "unlawfully and feloniously did have morphine in her possession" *held* sufficient under Acts 1923, p. 177, without negativing the exceptions contained in the proviso of that act.

2. POISONS—POSSESSION OF NARCOTICS.—Under Acts 1923, p. 177, making it unlawful for any person "to have in his possession or to sell, barter, exchange or give away any opium, morphine," etc., the mere possession of the narcotics mentioned, with the exceptions mentioned, was made unlawful, although the possession was not for the purpose of sale, barter or exchange.

3. POISONS—POSSESSION OF NARCOTICS—EVIDENCE.—While it was competent, on indictment of defendant for having morphine in her possession, to show that she also had a quantity of cocaine in her possession for the purpose of showing for what purpose she had the morphine, it was error in admitting such testimony to tell the jury that her possession of cocaine was admitted "for the purpose of showing that she had narcotics in her possession."

4. · · Poisons—possession ·of narcotics—instruction.—Where, in a prosecution for having morphine in her possession, defendant was shown to have had cocaine in her possession it was error to refuse an instruction that she could not be convicted of having · · cocaine in her possession.        ·    -

5. Poisons—possession of morphine—instruction.—In a ·prosecution for having morphine, an instruction to· convict if defendant unlawfully and feloniously did have morphine in her possession was in conflict with other instructions telling the jury that defendant was not guilty if she merely purchased and kept the morphine for her own use under a prescription of a physician, and was erroneous.

Appeal from Sebastian Circuit Court, Fort Smith District; *John E. Tatum,* Judge; reversed.      .     · ·

   *G. L. Grant,* for appellant.

The indictment is demurrable: (1) Because the purpose of the act was to prevent the barter, sale or giving away of the drug named. It does not prohibit the possession of the narcotic. Possession, to be unlawful, must be for sale. 133 Ark. 491; 150 Ark. 486; 68 Ark. 251; 111 Ark. 214; 136 Ark. 46; 143 Ark. 593. · (2) Because it does not negative the instances set forth in the statute by which the appellant might possess narcotics. 37 Ark. 409; 38 Ark. 563. The statement of the prosecuting attorney ''that she was in the habit of selling dope'' was erroneous and prejudicial because there was no evidence on which to base it. 70 Ark. 305; 58 Ark. 473; 72 Ark. 461; 71 Ark. 415; 58 Ark. 353; 72 Ark. 138; 143 Ark. 523; 151 Ark. 515. The court erred in instructing the jury that, if defendant was in possession of morphine, she was guilty, since the instruction ignores the defense. 154 Ark. 608.

   *J. S. Utley,* Attorney General, and *John L. Carter,* Assistant, for appellee.

An act must be read in its entirety to extract its meaning. · 156 Ark. 169; 133 Ark. 1. A departure from the language of the statute on the part of the court is in effect an assumption of legislative power. 151 Ark. 519; 11 Ark. 44; 151 Ark. 428. Unless the exceptions to the act prohibited are set out in the enacting clause of the statute, it is not necessary to negative them in the

indictment. 77 Ark. 321; 90 Ark. 344; 155 Ark. 16. In his opening statement counsel is allowed great latitude. 101 Ark. 51; 34 Ark. 649; 94 Ark. 558; 157 Ark. 283. The first part of the testimony objected to by appellant was competent to explain the reason for the officers being at her house. 155 Ark. 443. If it tends to prove the issue, it is admissible. 14 Ark. 555; 161 Ark. 263. Evidence that she possessed cocaine was admissible for what it was worth. 129 Ark. 106; 146 Ark. 77. Evidence as to the associates of appellant was admissible. 104 Ark. 162; 53 Ark. 387. Before appellant may be heard to complain of an incorrect instruction she must request a correct one. 150 Ark. 299; 157 Ark. 51; 125 Ark. 263. Instructions on the same point need not be multiplied. 156 Ark. 459.

McCulloch, C. J. Appellant was convicted, under an indictment charging her with having in her possession a certain quantity of morphine, in violation of the statute, which reads as follows:

"It shall be unlawful for any person, firm or corporation to have in his or its possession, or to sell, barter, exchange or give away any opium, morphine, codine, heroin, laudanum, cocaine, cannabis indica, or other potent narcotic drug, or any derivative, preparation, or compound thereof. Nothing in this section shall apply: (a) To the possession, prescribing, dispensing or administration of any of the aforesaid drugs to a patient by a licensed physician, dentist, or veterinary surgeon in the course of his professional practice only; and to a patient upon whom such physician, dentist or veterinary surgeon shall personally attend. (b) To the possession, sale, dispensing or distribution of any of the aforesaid drugs by a registered pharmacist to a customer, under and in pursuance of a written prescription issued by a licensed physician, dentist or veterinary surgeon." Acts 1923, p. 177.

The indictment charges, in the language of the statute, that the accused, on a certain day, "unlawfully and feloniously did have morphine in her possession." There

was a demurrer to the indictment, which the court over-ruled, and it is now insisted that the indictment was defective in that it failed to state the purpose for which the accused had the morphine in her possession. There are exceptions in the statute, but it is not necessary to negative these exceptions, for they are contained in the proviso and not in the enacting portion of the statute, and can only be brought into the case as a matter of defense. *Richardson* v. *State,* 77 Ark. 321.

It is also argued that, under a proper interpretation of the language of the statute, it does not make it unlawful for a person to have morphine or other narcotics in possession, unless the possession be for the purpose of sale, barter or exchange. We cannot agree with counsel in this contention, for the word "possession" is connected disjunctively by the word "or" with the words "to sell, barter, exchange or give away," therefore it was the clear design of the lawmakers to make it unlawful to have narcotics in possession for any purpose except for those mentioned in the proviso. The exceptions extend only to physicians, dentists or veterinary surgeons in prescribing, dispensing or administering the prohibited drugs, and to the patient "upon whom such physician, dentist or veterinary surgeon shall personally attend." The exceptions also extend to the possession or sale of narcotics by a registered pharmacist to a customer on a written prescription from a licensed physician, dentist or veterinary surgeon. It is therefore unlawful for a person to have any of the narcotics mentioned in the statute in his or her possession for any purpose other than those mentioned in the proviso of the statute. We are of the opinion that the indictment was sufficient.

Appellant admitted that she had three grains of morphine in her possession, but defended on the ground that she procured the drug from a certain druggist in Fort Smith on the prescription of a physician. She testified that she so obtained the morphine, and that she kept it solely for her own use. She produced a prescription, and

proved by the druggist that he had sold it to her under that prescription.

On the other hand, the proof adduced by the State tended to show that appellant was what is ordinarily termed a "dope peddler," and that she had in her possession the morphine and also a lot of cocaine for the purpose of selling and administering it. The State also adduced testimony tending to show that appellant had in her possession, and carried around with her, a spoon and a hypodermic syringe for use in administering morphine to those who habitually used it and were willing to pay for it. There was evidence which justified the finding of the jury that appellant kept the drugs for the purpose of sale, or at least for the purpose of administering same to other persons. This brought the facts of the case within the terms of the statute, and warranted a conviction. On the other hand, we think there was enough testimony to justify a submission to the jury of the question whether or not appellant obtained the morphine on a prescription from a licensed physician and that she kept it for her own personal use, which would have been a defense to the charge if the jury found those to be the facts.

The State was permitted to prove, over the objection of appellant's counsel, that the officers found, behind a trunk in appellant's room, a package containing ten grains of cocaine. We are of the opinion that this testimony was competent for the consideration of the jury in determining the purpose for which appellant had the morphine in her possession—whether for personal use or for other purposes. Possession of a quantity of cocaine at the same time has some tendency to show what the purpose was in having the morphine in her possession. *Springer* v. *State,* 129 Ark. 106; *Marsh* v. *State,* 146 Ark. 77.

It was also competent to prove the conduct of appellant and other persons in the house, and also the possession by appellant of the spoon and hypodermic syringe which she carried around with her, for the consideration

of the jury in determining what the purpose was in having the morphine in her possession. There was no error in the court's ruling in admitting this testimony.

In admitting the testimony about appellant's possession of the cocaine, the court made this statement: "The court states she cannot be tried under this indictment for possessing cocaine, but it will be admitted for the purpose of showing she had narcotics in her possession." When the court charged the jury, appellant requested the following, among other instructions, which was refused:

"No. 7. You are instructed that the indictment does not charge the defendant with unlawfully possessing cocaine. Therefore you cannot convict her of the offense of possessing cocaine, even though you find from the evidence that cocaine was in her possession."

The testimony concerning the finding of the cocaine in appellant's possession was, as before stated, admissible, but the court was not accurate in stating to the jury the purpose for which it was admitted, for it was admitted, not to show that appellant had narcotics in her possession, but to show what her purpose was in having it in her possession—whether for her own use or otherwise. The explanation of the court was calculated to confuse the jury in determining what effect to give to this testimony if they found, as they might have found, that the cocaine belonged to appellant and was in her possession. The court should have given the requested instruction of appellant telling the jury emphatically and unequivocally that she could not be convicted of having cocaine in her possession. We think the court erred therefore in not giving the correct explanation to the jury of the purpose for which they might consider this testimony, also in refusing to give the requested instruction.

It is also contended that the court erred in its first instruction to the jury, which reads as follows:

"The court instructs the jury: If you believe from the evidence beyond a reasonable doubt that the defendant, Lucile Starr, in the Fort Smith District of Sebastian

County, and within three years next before bringing the suit, unlawfully and feloniously did have morphine in her possession, you should convict the defendant; otherwise you should acquit her.''

It will be noted that this instruction makes the guilt of appellant depend entirely upon having morphine in her possession, and it excludes altogether the exceptions contained in the statute, which the jury might have found to exist; that is to say, that appellant had the morphine for her own use, and that she had obtained it under a prescription from a licensed physician. It is true the court gave other instructions requested by appellant, telling the jury that appellant was not guilty of the offense if she merely purchased and kept the morphine for her own use under a prescription of a physician, but these instructions were not in any way connected up so as to explain instruction No. 1 and harmonize them. In other words, the instructions were conflicting and calculated to mislead the jury.

For these errors the judgment is reversed, and the cause remanded for a new trial.

### DISSENTING OPINION.

HUMPHREYS, J. I dissent from the conclusion reached by the majority because the instructions are in perfect harmony when read together. The first instruction makes the guilt of defendant depend upon whether she had morphine in her possession, and the others give her the benefit of the exceptions contained in the statute.

Her proof did not show that she obtained the prescription from a licensed physician.

For these reasons, in my opinion, the judgment should have been affirmed.