COLLIER *v.* STATE.

Opinion delivered June 22, 1931.

1058

*Cotton & Murray,* for appellant.

*Hal L. Norwood,* Attorney General, and *Robert F. Smith,* Assistant, for appellee.

HART, C. J. M. W. Collier prosecutes this appeal to reverse a judgment of conviction under § 743 of Crawford & Moses' Digest prohibiting overdrafts. The statute reads as follows:

"It shall hereafter be unlawful for any individual, corporation or association of individuals, resident or doing business in this State, to make or give check or draft on any account in any bank or trust company or on any person, firm or corporation, on which the said individual, corporation or association of individuals, shall not have full authority to check or draw such draft or check, or, having such authority, to make any check or draft upon an account in any bank, savings bank or trust company, when there shall not be sufficient funds therein to cover the same, unless they shall have made prior arrangements with said bank, savings bank, or trust company for said check or overdraft; provided, however, that if any individual, corporation or association of individuals, shall, when notified of such draft or check, immediately make a deposit to cover the same, they shall not be subject to the provisions of this act; provided further, that checks or drafts given where said individual, corporation or association of individuals, have had no checking account in said bank shall not come under the provisions of this act."

The first assignment of error is that the judgment must be reversed because the court erred in not sustaining a demurrer to the indictment on the ground that the indictment was fatally defective because it did not contain an averment that the defendant was notified that the check had not been paid. The rule in this State is that, when an exception contained in a statute defines an offense and constitutes a part thereof, an indictment for such crime must negative the exception; but when the statute contains a proviso exempting a class therein referred to from the operation of the statute, the indictment need not negative the proviso. The reason is that it is a general rule of evidence that where the negative of an issue does not permit direct proof, or where the facts come more immediately within the knowledge of the defendant, the burden of proof rests upon him. *Cleary* v. *State,* 56 Ark. 124, 19 S. W. 668; *Richardson* v. *State,* 77 Ark. 321, 91 S. W. 758; *Starr* v. *State,* 165 Ark. 511, 265 S. W. 54; *Thomas* v. *State,* 181 Ark. 316, 25 S. W. (2d) 424. See also Acts of 1929, vol. 2, page 1309, for the present law. The exception in the present case being contained in a proviso, and not in the enacting clause of the statute, it was unnecessary to negative the exception in the indictment. Facts bringing the defendant within the exception of the statute are matters of defense which he must prove. Therefore we are of the opinion that the court properly held the indictment to be a valid one.

The next assignment of error is that the evidence was not legally sufficient to sustain the verdict. According to the testimony of Sid Martin, about the 9th day of January, 1925, he sold some cattle to M. W. Collier, and the latter gave him a check on the Bank of Hollister at Hollister, Missouri, for $310. The check was given and the transaction occurred in Baxter County, Arkansas. Martin indorsed the check and deposited it with his local bank in Arkansas for collection. In due course, the check was received by the Bank of Hollister and was duly protested by it because M. W. Collier had no funds with

which to pay it. As soon as Martin received notice of protest, he went in person to the bank and presented the check to it for payment. He was informed by the bank officers that Collier did not have any money there. Martin then went to the home of Collier and was told by his wife that he was not there. Upon making further inquiry, he was informed that Collier had left the country. Martin did not see Collier any more for more than two years. Collier told him that he knew the check had not been paid, and promised to pay it. Collier claimed that the bank had violated its agreement with him. Collier gave other checks for cattle which he purchased in Baxter County, Arkansas, and they were also turned down.

It is earnestly insisted that this evidence did not warrant a conviction because it does not affirmatively show that Collier was notified that the draft was not paid by the bank upon presentation so that he might make a deposit to cover same. As we have already seen, it was unnecessary for the State to negative the exception in the indictment and proof. When the State made a *prima facie* case by proving that the check was given by the defendant and was not paid by the bank upon which it was drawn, the burden was then on the defendant to show that no notice was given him, so that he might have immediately made a deposit to cover it.

Besides this, the testimony of Martin, inferentially at least, shows that Collier knew that the check had not been paid and would not be paid. After Martin received notice of the protest of the check, in due course of mail, he went to the home of the defendant to inquire about the matter and found that the defendant had left the country immediately after giving the check. He did not return until two or three years thereafter. Considering all the facts and circumstances proved in the case, we cannot say that the jury was not warranted in returning a verdict of guilty against the defendant. Therefore the judgment will be affirmed.