Dr. Steven C. Bird c/o University of Central Arkansas 201 Donaghey Avenue Conway, AR 72035-5003
Dear Dr. Bird:
I am writing in response to your request for my opinion, pursuant to A.C.A. § 25-19-105(c)(3)(B) (Supp., 2003), regarding the release of certain records under the Freedom of Information Act (FOIA), A.C.A. §§25-19-101 through -109 (Repl. 2002 Supp. 2003). Specifically, you report having sought "full access to the signed and dated originals of any and all letters, e-mails and evaluations" used by your employer to assess your performance as assistant professor of music and Director of Orchestras at the University of Central Arkansas ("UCA"). You further report that the custodian of these records has redacted from certain documents relating to your job performance "at least the names and dates of the alleged authors," making it impossible for you "to verify independently that these letters were indeed written by faculty or students. . . ."
You have objected to these redactions based upon A.C.A. §25-19-105(c)(2), which provides:
 Any personnel or evaluation records exempt from disclosure under this chapter shall nonetheless be made available to the person about whom the records are maintained or to that person's designated representative.
RESPONSE
In my opinion, the custodian's decision to withhold the names of faculty reports and the dates of those reports is not consistent with the FOIA. With respect to reports generated by students, I believe the custodian's decision to withhold this information is in all likelihood warranted under the FOIA.
It is not entirely clear from your factual recitation whether the faculty reports regarding your performance were prepared at the behest of your employer. If so, I believe they would constitute "evaluation records" subject to disclosure to you under the statute just recited. See Ark. Op. Att'y Gen. No. 2004-178. If they are unsolicited complaints, I believe they would constitute "personnel records" likewise subject to disclosure to you under the statute recited above. Id.
The possibility exists that your personnel or evaluation records would likewise represent personnel records of another employee. In my opinion, A.C.A. § 25-19-105(c)(2) establishes that these records would be subject to disclosure to you from your own file even if the other employee might have been able to avoid their disclosure to a member of the public. See
Ark. Op. Att'y Gen. No. 95-131 (opining that A.C.A. § 25-19-105(c)(2) authorizes the release of another employees personnel or job performance records from one's own file regardless of whether the other employee could have resisted the disclosure as exempt had a member of the general public sought the disclosure).
With respect to student evaluations of your job performance, I believe these records, in addition to constituting your job performance records, might fall within the category of "education records as defined in the Family Educational Rights and Privacy Act of 1974 [FERPA],20 U.S.C. § 1232g." A.C.A. § 25-19-105(b)(2).[1] If requested by someone other than an employee seeking access to his own personnel or evaluations records, such education records are clearly exempt from disclosure under A.C.A. § 25-19-105(b). The question arises, then, whether the legislature intended the exemption set forth at A.C.A. § 25-19-105(b)(2) to apply, in apparent derogation of the rule of full disclosure set forth at A.C.A. §25-19-105(c)(2), when the otherwise exempt information is contained in a requesting party's own personnel or evaluation record.
In addressing this question, I am guided by various principles of statutory construction. First, as in all statutory construction cases, the cardinal rule is to give full effect to the will of the legislature.Flowers v. Norris, 347 Ark. 760, 765, 68 S.W.3d 289, 292 (2002) ("It is . . . axiomatic that in statutory interpretation matters, we are first and foremost concerned with ascertaining the intent of the General Assembly.") (citing State v. Havens, 337 Ark. 161, 987 S.W.2d 686
(1999)). In addition, the courts have regularly held that a general statute will not apply where there is a specific statute governing a particular subject matter. Donoho v. Donoho, 318 Ark. 637, 887 S.W.2d 290
(1994). Furthermore, legislative enactments that are alleged to be in conflict must be reconciled, read together in a harmonious manner, and each given effect, if possible. Gritts v. State, 315 Ark. 1,864 S.W.2d 859 (1993); City of Fort Smith v. Tate, 311 Ark. 405,844 S.W.2d 356 (1993). Repeal by implication is not favored and is "never allowed except where there is such an invincible repugnancy between the former and later provisions that both cannot stand together." Donoho v. Donoho, 318 Ark. 637,887 S.W.2d 290 (1994). When two legislative enactments are in such irreconcilable conflict that both cannot stand together, the conflicting provisions of one are repealed by implication by the other.Donoho, 318 Ark. 637; Ward School Bus Mfg., Inc.v. Fowler, 261 Ark. 100, 547 S.W.2d 394
(1977). Finally, the provisions of an act adopted later in time ordinarily repeal the conflicting provisions of an earlier act. Danielsv. City of Fort Smith, 268 Ark. 157, 594 S.W.2d 238 (1980).
The referenced language from A.C.A. § 25-19-105(b)(2), which prohibits disclosure of education records, was enacted in 2001, see Acts 2001, No. 1653, § 2 — well after the enactment of A.C.A. § 25-19-105(c)(2) by Acts 1987, No. 49, § 1. The General Assembly seems to have enacted A.C.A. §25-19-105(b)(2) intending to ensure that education documents as defined in FERPA would always be exempt from disclosure, since requiring their disclosure under the FOIA might jeopardize federal funding to the educational institution having custody of the documents. A leading commentary on the FOIA discusses the legislative history as follows:
 Because FERPA does not directly prohibit disclosure of education records, it does not preempt state law or qualify as [an] exemption under the Arkansas FOIA. See Troutt Bros., Inc. v. Emison, 311 Ark. 27, 841 S.W.2d 604 (1992) (construing federal statute similar to FERPA); Ark. Op. Att'y Gen. No. 96-044(concluding, in light of Emison,
that FERPA does not supersede FOIA).
 Prior to its amendment in 2001, Section 25-19-105(b)(2) of the FOIA exempted "scholastic records," a term that the Arkansas Supreme Court suggested was narrower than the FERPA definition of "education records." See Arkansas Gazette Co. v. Southern State College, 273 Ark. 248, 620 S.W.2d 258 (1981). Recognizing the potential conflict and the possible loss of federal funding [if an institution were to violate FERPA's nondisclosure provisions], the Attorney General invited the legislature to clarify the FOIA on this point. Ark. Op. Att'y Gen. No. 96-044. In its report to the General Assembly in 2000, the Electronic Records Study Commission cited that opinion and proposed the definition that now appears in subsection (b)(2).
J. Watkins R. Pelz, The Arkansas Freedom of Information Act (m m Press, 4th ed. 2004), at 104 n. 105.
In an opinion on this issue that predated the 2001 amendment of A.C.A. §25-19-105(b)(2), one of my predecessors summarized as follows Professor Watkins' pre-amendment assessment of the problem:
 As noted by Professor Watkins, public educational institutions in Arkansas may find themselves in a "difficult position" and "between the proverbial rock and a hard place" with respect to the differences in state and federal law on this point. Their choices are either: "(1) comply with the FOIA and face the loss of millions of dollars in federal funding . . . or (2) comply with the FERPA and risk the imposition of criminal sanctions under the FOIA as well as potentially costly civil litigation." The Arkansas Freedom of Information Act, supra at 152.
Ark. Op. Att'y Gen. No. 97-298. If one were to read A.C.A. §25-19-105(c)(2) as controlling over A.C.A. § 25-19-105(b)(2), notwithstanding the legislature's amendment of the latter statute, this problem would still exist if an employee requested his own records that contained someone else's education records. Subsection (b)(2) of §25-19-105 appears expressly designed to avoid any such result.
Accordingly, I believe this expression of legislative intent should control over the statement in A.C.A. § 25-19-105(c)(2) that an employee has a right to receive copies of his own personnel and evaluation records. It is not at all clear that subsection (c)(2) controls as to information shielded by other exemptions. It does not appear that the legislature had this particular issue in mind when adopting (c)(2). In my opinion, in light of the clear evidence of legislative intent to protect documents shielded by FERPA, the custodian's decision to redact student names is consistent with the FOIA. I will note, however, that the issue of whether student evaluations constitute nondisclosable education records appears to be at least partially moot because the custodian has reportedly provided you with the texts of the evaluations.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:JD/cyh
[1] FERPA broadly defines "education records" as being the records of "an educational agency or institution" that "contain information directly related to a student." 20 U.S.C. § 1232g(a)(4)(A).