David Maxwell, Director Arkansas Department of Emergency Management Post Office Box 758 Conway, AR 72033-0785
Dear Mr. Maxwell:
I am writing in response to your request for my opinion on two questions I will paraphrase as follows:
 1. With respect to required certifiable training hours for firefighters, what is the meaning of the phrase: "Firefighters shall maintain a minimum of six (6) hours in-house per quarter and at least a minimum of twenty-four (24) hours per year of certifiable training meeting the standards of the Arkansas Fire Training Academy" as it appears in A.C.A. § 20-22-806?
 2. In light of the definition of "firefighter" as it appears in A.C.A. § 20-22-802, what is the minimum age restriction for firefighters in Arkansas?
With respect to the first of these questions, you report the following background information:
 Some [firefighters] interpret this to mean firefighters are required to complete a minimal 24 hours of in-house training (six or more hours per quarter) in addition to 24 hours of certifiable training each year. *Page 2 
Others interpret this to mean firefighters are required to complete 24 cumulative hours of both in-house and certifiable training.
 RESPONSE
In my opinion, the statute referenced in your first question (which you have apparently inadvertently misquoted) in all likelihood means that all firefighters must undertake at least six hours of certifiable training quarterly, totaling at least 24 hours of certifiable training annually. With respect to your second question, any firefighter who serves a city that has a civil service commission must be at least 21 years old. A.C.A. § 14-51-301 (Supp. 2005). Firefighters serving other jurisdictions will be subject to any local ordinances imposing age restrictions as well as to the blanket proscription set forth at A.C.A. § 11-6-105 (Repl. 2002) against employing children under 16 in hazardous occupations. In addition, children between the ages of 16 and 18 are subject to the limitations on hours worked set forth at 11-6-110 (Supp. 2005).
Question 1: With respect to required certifiable training hours forfirefighters, what is the meaning of the phrase: "Firefighters shallmaintain a minimum of six (6) hours in-house per quarter and at least aminimum of twenty-four (24) hours per year of certifiable trainingmeeting the standards of the Arkansas Fire Training Academy" as itappears in A.C.A. § 20-22-806?
Although the statute would benefit from legislative clarification, I believe the legislature intended A.C.A. § 20-22-806 (Repl. 2005) to impose only a 24-hour annual training requirement, with at least six hours of this training to occur in each quarter of the year.
I must note at the outset that your quotation of the pertinent statute is inaccurate. Section 20-22-806 of the Arkansas Code provides:
 (a) Fire departments in this state may apply for annual certification and classification by the Director of the Office of Fire Protection Services. Each fire department applying for certification shall submit such information as may be required by the director to determine whether the fire department meets minimum certification standards and to classify the department as to its level of service. *Page 3 
 (b)(1) Until the Arkansas Fire Protection Services Board adopts certification standards, any fire department shall be entitled to certification upon registering with the board.
 (2) Certification under this subsection shall be effective until six (6) months after the adoption of the certification standards by the board.
 (c) Firefighters shall maintain a minimum of six (6) hours per quarter and at least a minimum of twenty-four (24) hours per year of certifiable training meeting the standards of the Arkansas Fire Training Academy.
(Emphasis added.) Conspicuously absent in the highlighted passage, which tracks verbatim the since unamended language of Acts 1987, No. 837, § (c), is any suggestion that the quarterly six-hour requirement must be "in-house," as your question suggests. As discussed below, the absence of any reference to "in-house" training may have implications for how this statute should be interpreted.
In my opinion, although A.C.A. § 20-22-806(c) might be considered ambiguous in repeating the 24-hour minimum annual training requirement implicit in the initial clause imposing a 6-hour minimum quarterly training requirement, I believe logic dictates reading the statute to impose a total 24-hour annual training requirement, with at least six hours of the total training time to occur in each quarter. I do not believe the statute imposes a total 48-hour annual training requirement.
I have reached this conclusion primarily because of the sentence structure in subsection (c) of the statute. As written, the phrase "six (6) hours per quarter" can only be read in conjunction with the phrase "of certifiable training," since the former phrase would otherwise be unmodified by any statutory provision. For the same reason, the phrase "of certifiable training" must be read as modifying "twenty-four (24) hours per year," which would otherwise stand unmodified and hence be rendered meaningless. I see no basis in the statute for the suggestion set forth in your factual recitation that the quarterly training and the annual training are qualitatively distinguishable, with one category being presumably non-certifiable and "in-house" whereas the other is certifiable and not "in-house." In my opinion, then, the statute contains two references to "certifiable" training — *Page 4 
one to a six-hour quarterly minimum and the other to a 24-hour annual minimum. To suggest that the latter reference is to an additional 24-hour annual period of training, bringing the annual total to 48 hours, strikes me as impermissibly strained. The only way to defend such a reading would be to interpret the phrase "twenty-four (24) hours per year" as meaning "twenty-four (24) additional hours per year" — a reading of the statute I believe distorts the ordinary meaning of language. I appreciate that the term "additional" might be implied from the legislature's use of the term "and" in connecting the six-hour quarterly requirement and the 24-hour annual requirement. However, in this instance, I do not believe the mere conjunction "and" can carry such logical freight. Rather, within the context of the statute, I believe the term "and" should be read as doing nothing more than introducing a mathematical correlate of the six-hour quarterly training requirement. Again, I believe that if the legislature had intended the six-hour and the 24-hour training requirements to be cumulative, it would have said so directly.
In rendering this opinion, I am not ignoring the established rule of statutory construction that language in a statute will not be given a construction that renders it mere surplusage. See, e.g., Stephens v.Arkansas School for the Blind, 341 Ark. 939, 20 S.W.3d 397 (2000);Central Southern Companies, Inc. v. Weiss, 339 Ark. 76, 3 S.W.3d 294
(1999); and Ford v. Keith, 338 Ark. 487, 996 S.W.2d 20 (1999). Although it is undeniably the case that the six-hour minimum quarterly training requirement initially set forth in subsection (c) will necessarily total the 24-hour annual minimum set forth subsequently, I do not consider the legislature's doing the math mere surplusage. In considering this principle of statutory construction inapplicable, I am guided by the cardinal rule that one must give full effect to the will of the legislature. Flowers v. Norris, 347 Ark. 760, 765, 68 S.W.3d 289, 292
(2002) ("It is . . . axiomatic that in statutory interpretation matters, we are first and foremost concerned with ascertaining the intent of the General Assembly.") (citing State v. Havens, 337 Ark. 161,987 S.W.2d 686 (1999)). Simply put, I believe that if the legislature had intended to impose an additional annual 24-hour training requirement, it would have stated so clearly, expressly using the term "additional" or its equivalent. Having ventured this opinion, I must add that the statute would benefit from legislative clarification.
Question 2: In light of the definition of "firefighter" as it appearsin A.C.A. § 20-22-802, what is the minimum age restriction forfirefighters in Arkansas? *Page 5 
In my opinion, an individual wishing to serve as a firefighter in a city having a civil service commission must be at least 21 years old. A.C.A. § 14-51-301 (Supp. 2005). Firefighters serving other jurisdictions will be subject to whatever age restrictions are imposed by local ordinance, as well as to the child labor laws barring hazardous employment under the age of 16 and restricting hours worked between the ages of 16 and 18.
Subsection 20-22-802(5) of the Code (Repl 2005) defines the term "firefighter" as follows:
 "Firefighter" means any paid or volunteer member of a fire department who engages in fire suppressions, rescue, pump operations, or other fire-ground activities.
On its face, this statute fails altogether to address the issue of age restrictions for Arkansas firefighters.
With respect to firefighters who qualify as city civil service employees, A.C.A. § 14-51-301 provides in pertinent part:
 (a)(1) The board provided for in this chapter shall prescribe, amend, and enforce rules and regulations governing the fire and police departments of their respective cities.
 (2) The rules and regulations shall have the same force and effect of law.
 * * * (b) These rules shall provide for:
 (1)(A) The qualifications of each applicant for appointment to any position on the police or fire department.
 (B)(i) No person shall be eligible for appointment to any position on the fire department who has not arrived at the age of twenty- *Page 6 one (21) years or who, except as provided in subdivision (b)(1)(C) of this section, has arrived at the age of thirty-two (32) years.
 * * * (C) Provided, however, the maximum age limit for appointment to any position with a fire department in subdivision (b)(1)(B)(i) of this section shall not apply to:
 (i) Any person who has at least two (2) years of previous experience as a paid firefighter with another fire department and whose years of experience as a paid firefighter when subtracted from the person's age leaves a remainder of not more than thirty-two (32) years; or
 (ii) Any person who is applying for a position with a fire department in which the primary functions of the job involve duties which are administrative, managerial, or supervisory in nature[.]
(Emphasis added.) See Ark. Op. Att'y Gen. No. 2000-123 (opining that the age restrictions set forth in this statute do not violate the federal Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq.).
As one of my predecessors noted in Ark. Op. Att'y Gen. No. 98-252, a city that does not have a civil service commission will not be bound by the restrictions of A.C.A. § 14-51-301, meaning that "the issue of age limitations on hiring into the fire department is one that must be decided by the local body that governs the fire department."Accord Ark. Op. Att'y Gen. No. 2003-145. However, a local authority's discretion in this regard is bounded by A.C.A. § 11-6-105, which provides:
 No child under sixteen (16) years shall be employed or permitted to work in any occupation dangerous to the life and limb, or injurious to the health and morals of the child, or in any saloon, resort, or bar where intoxicating liquors of any kind are sold or dispensed.
For a child between the ages of 16 and 18, employment as a firefighter in a city that does not have a civil service commission must further comply with the *Page 7 
restrictions on hours worked set forth at A.C.A. § 11-6-110.See Ark. Op. Att'y Gen. No. 89-057 (discussing both of these statutes).
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General